### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**MYRON NEWJEAN ANDERSON JR.**                                    **PLAINTIFF**
**ADC #123288**

**v.**                              **No: 4:20-cv-00932 JM-PSH**

**JAMES SHIPMAN,** *et al.*                                    **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Myron Newjean Anderson Jr., an inmate at the Varner Unit of the Arkansas Division of Correction (ADC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that he has been wrongfully placed and kept in restrictive housing since December 31, 2019 (Doc. No. 2).  Anderson has since filed an

amended complaint and a supplemented complaint (Doc. Nos. 10-11). The complaints are substantially similar, with certain corrections made to the supplemented complaint. The Court has liberally construed[1] Anderson's supplemented complaint for screening purposes and finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I.  Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se*

---

[1] *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  Anderson claims that his due process rights were violated by his assignment to restrictive housing on December 31, 2019.  Doc. No. 11.  Anderson alleges that he was issued two disciplinaries around the time of his assignment, one of which was dismissed, and he received 45 days commissary, phone, and visitation restrictions for the other disciplinary.  Doc. No. 11 at 2 & 14-16.  He states that he is not challenging these disciplinaries but believes he was assigned to segregated housing for no reason, and complains that he has not received the appropriate reviews according to ADC policy and has not been notified of what he needs to do to be released from segregated housing.  *Id.* at 3-5.

### *Due Process Claims*

To prevail on a Fourteenth Amendment Due Process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action."  *See Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003); *see also* U.S. Const. amend. XIV, § 1.  Anderson does not allege he was deprived of life or

property; accordingly, he must identify the deprivation of a liberty interest to sustain a due process challenge to his assignment to administrative segregation. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). An inmate generally has no liberty interest in avoiding segregated confinement and the suspension of privileges, because such punishment does not create an "atypical and significant" hardship. *Phillips*, 320 F.3d at 847; *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). Specifically, a due process right to periodic and meaningful reviews of confinement in administrative segregation arises only if the duration of segregation is extensive and the conditions atypically harsh.

Anderson had been held in administrative segregation for approximately eight months when he filed this case. The Eighth Circuit Court of Appeals has held that stays up to twenty-six months are insufficient to create a liberty interest, if the conditions are not overly harsh. *See e.g.*, *Ballinger v. Cedar Cty., Mo.*, 810 F.3d 557, 562-63 (8th Cir. 2016) (term of approximately one year in administrative segregation did not constitute atypical and significant hardship); *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation); *Rhaman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (inmate's placement in administrative segregation for 26 months under relatively normal conditions did not constitute an atypical and significant hardship). *See also Waller v. Payne,* 2020 WL 1189218 (E.D. Ark. 2020) (inmate

failed to state a due process claim after being placed in punitive isolation for 26 days and administrative segregation for 152 days with only three in-person reviews); *Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. 2009) (inmate failed to state a due process claim after being assigned to administrative segregation for nearly nine months).[2]

Additionally, Anderson has not alleged that the conditions he endured in segregation were overly harsh. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). Anderson alleges that he has only been allowed to exercise one hour per day in an unclean outdoor area; that he is handcuffed and shackled when he is moved for recreation; that he has not been allowed contact visitation; that he is allowed to use the telephone only 30 minutes three times a week; that he lost his prison job; and that he was allowed only three showers per week during the

---

[2] Longer stays in administrative segregation have been held to establish a liberty interest. *See e.g., Williams v. Norris*, 277 Fed. Appx. 647, 648 (8th Cir. 2008) (unpublished per curiam) (approximately 12 years in administrative segregation was atypical and significant hardship); *Herron v. Schiro*, 11 Fed. Appx. 659, 661-62 (8th Cir. 2001) (unpublished per curiam) (more than 13 years in administrative segregation results in an atypical hardship); *Taylor v. Crawford,* 4:07CV266, 2008 WL 3890379 (E.D. Mo. Aug. 18, 2008) (unpublished opinion) (eight years in administrative segregation triggered due process rights).

beginning of his stay in administrative segregation.  Doc. No. 11 at 6.  The Court finds that living under these conditions for approximately eight months does not "present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486; *see also Ballinger*, 810 F.3d at 562-63 (finding that the conditions the plaintiff was held under while in administrative segregation were not materially different from normal prison conditions where the plaintiff alleged that he was completely isolated from the general population and had "limited access to showers, social interaction, a telephone, and exercise").

Finally, Anderson's complaints that defendants failed to follow certain prison procedures fails to establish a due process claim because prisoners do not have a federally protected due process right to require prison officials to comply with internal rules or procedures.  *See Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).  *See also Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) ("If Kennedy has a liberty interest, it is an interest in the nature of his confinement, not an interest in the procedures by which the state believes it can best determine how he should be confined.").

For the reasons stated herein, it is recommended that:

1.     Anderson's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted;

2.    Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g); and

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 1st day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE